# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ANTROWN WILLIAMS, ARSENIO THRASHER, BRIAN THOMPSON, CLEVELAND CRUMEDY, ELVIN IVORY, HERMAN LOURY, JR., JADARRIUS MCNIEL, KELVIN JOHNSON, KENNETH BETHLEY, KIM MCDONALD, LARRY PIERCE, LENORIALE MCDOUGLE, MARCUS WALKER, MARK MCCOY JR., MARTEL HOLLAND, NATHANIEL BLACK, PERRY HAMMOND JR., RICHARD STREETER, ROBERT REED, STEVEN WHITE, TERRANCE HAMPTON, TROY PROBY, and VINCENT BUCK, | CIVIL ACTION NO: **JURY TRIAL DEMANDED** |

Plaintiffs,

v.

WASTE PRO USA, INC., and WASTE PRO OF
MISSISSIPPI, INC.,

Defendants.
.

## **COMPLAINT**

Plaintiffs Antrown Williams, Arsenio Thrasher, Brian Thompson, Cleveland Crumedy,

Elvin Ivory, Herman Loury, Jr., JaDarrius McNeil, Kelvin Johnson, Kenneth Bethley, Kim

McDonald, Larry Pierce, Lenoriale McDougle, Marcus Walker, Mark McCoy Jr., Martel

Holland, Nathaniel Black, Perry Hammond Jr., Richard Streeter, Robert Reed, Steven White,

Terrance Hampton, Troy Proby, and Vincent Buck, (collectively, "Plaintiffs") by their attorneys,

file this Complaint against Defendants Waste Pro USA, Inc., (hereinafter "Waste Pro USA"),

and Waste Pro of Mississippi, Inc. ("Waste Pro Mississippi")  ("Waste Pro USA" and "Waste

Pro Mississippi" are collectively referred to as "Defendants" or "Waste Pro"), seeking all

available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to others.[1]

## **NATURE OF THE ACTION**

1.      Plaintiffs each worked for Waste Pro as Helpers[2] who were paid a daily rate or "day rate." Plaintiffs also each worked at a location that had a policy or practice to either pay a "half-day rate"[3] or pay non-discretionary bonuses.

2.      All Helpers were paid overtime wages at a rate of half of their regular rate, rather than at a rate of time-and-a-half their regular rate.

3.      Waste Pro USA and Waste Pro Mississippi jointly and severally violated the FLSA by failing to pay Plaintiffs the legally required amount of overtime compensation in an amount required by law for all hours worked over forty in a workweek.  Plaintiffs are entitled to unpaid overtime wages for hours worked above forty in a workweek, and to liquidated damages pursuant to the FLSA.

4.      By the conduct described in this Complaint, Defendants violated and continue to violate the FLSA by failing to pay Plaintiffs proper overtime wages as required by law.

5.      Plaintiffs bring this action pursuant to the FLSA, and specifically 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

---

[1]      All of the Plaintiffs were previously Opt-In Plaintiffs in the *Thomas v. Waste Pro USA, Inc., et al.* action, No. 8:17-cv-2254 (M.D. Fla.).  That case was proceeding as a collective action and was decertified.  Plaintiffs are now re-filing their claims through this Complaint with the benefit of tolling of their claims through the *Thomas* action.

[2]      Unless otherwise stated, "Helpers" shall be defined as those employed as Helpers and paid a day rate.  A "day rate" is a flat amount of money to perform work on a particular day. Thus, these allegations do not relate to any time period during which Plaintiffs were employed as Helpers and not paid a day rate or employed by Defendants in any other position other than Helper.

[3]      The "half-day rate" shall be defined as half of the Helpers' day rate.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337.

7.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8.     Defendants are subject to personal jurisdiction in Florida.

9.     Defendants maintain places of business in Florida.

10.    Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391.

11.    A substantial part of the events or omissions giving rise to claims in this Complaint occurred in this District.

## THE PARTIES

### *Plaintiffs*

*Plaintiff Antrown Williams*

12.    Plaintiff Antrown Williams is an adult individual who is a resident of Greenwood, Mississippi.

13.    Plaintiff is a covered employee within the meaning of the FLSA.

14.    Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

15.    Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately February 2017 to at least August 2019.

16.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro

Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

17.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

18.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Arsenio Thrasher*

19.     Plaintiff Arsenio Thrasher is an adult individual who is a resident of Brookhaven, Mississippi.

20.     Plaintiff is a covered employee within the meaning of the FLSA.

21.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

22.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately March 2016 to December 2016.

23.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

24.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA

and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

25.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Brian Thompson*

26.     Plaintiff Brian Thompson is an adult individual who is a resident of Gautier, Mississippi.

27.     Plaintiff is a covered employee within the meaning of the FLSA.

28.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

29.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately August 2015 to March 2019.

30.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

31.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

32.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and

practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Cleveland Crumedy*

33.     Plaintiff Cleveland Crumedy is an adult individual who is a resident of Gautier, Mississippi.

34.     Plaintiff is a covered employee within the meaning of the FLSA.

35.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

36.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately March 2016 to at least February 2019.

37.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

38.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

39.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Elvin Ivory*

40.    Plaintiff Elvin Ivory is an adult individual who is a resident of Natchez, Mississippi.

41.    Plaintiff is a covered employee within the meaning of the FLSA.

42.    Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

43.    Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately March 2015 to February 2018

44.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

45.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

46.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Herman Loury Jr.*

47.    Plaintiff Herman Loury Jr. is an adult individual who is a resident of Gautier, Mississippi.

48.    Plaintiff is a covered employee within the meaning of the FLSA.

49.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

50.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately August 2015 to December 2018.

51.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

52.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

53.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff JaDarrius McNiel*

54.     Plaintiff JaDarrius McNiel is an adult individual who is a resident of Natchez, Mississippi.

55.     Plaintiff is a covered employee within the meaning of the FLSA.

56.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

57.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately October 2016 to June 2017.

58.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

59.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

60.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Kelvin Johnson*

61.     Plaintiff Kelvin Johnson is an adult individual who is a resident of Natchez, Mississippi.

62.     Plaintiff is a covered employee within the meaning of the FLSA.

63.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

64.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately May 2016 to November 2018

65.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

66.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro

Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

67.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Kenneth Bethley*

68.     Plaintiff Kenneth Bethley is an adult individual who is a resident of Natchez, Mississippi.

69.     Plaintiff is a covered employee within the meaning of the FLSA.

70.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

71.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately July 2015 to January 2016.

72.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

73.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

74.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro

Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Kim McDonald*

75.     Plaintiff Kim McDonald is an adult individual who is a resident of Meadville, Mississippi.

76.     Plaintiff is a covered employee within the meaning of the FLSA.

77.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

78.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately March 2016 to at least August 2019

79.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

80.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

81.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Larry Pierce*

82.     Plaintiff Larry Pierce is an adult individual who is a resident of Pascagoula, Mississippi.

83.     Plaintiff is a covered employee within the meaning of the FLSA.

84.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

85.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately October 2010 to at least July 2019

86.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

87.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

88.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Lenoriale McDougle*

89.     Plaintiff Lenoriale McDougle is an adult individual who is a resident of Macon, Mississippi.

90.     Plaintiff is a covered employee within the meaning of the FLSA.

91.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

92.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately March 2016 to May 2017

93.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

94.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

95.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Marcus Walker*

96.     Plaintiff Marcus Walker is an adult individual who is a resident of Pacagoula, Mississippi.

97.     Plaintiff is a covered employee within the meaning of the FLSA.

98.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

99.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately May 2010 to May 2018

100.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

101.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

102.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Mark McCoy Jr.*

103.     Plaintiff Mark McCoy Jr. is an adult individual who is a resident of Meridian, Mississippi.

104.     Plaintiff is a covered employee within the meaning of the FLSA.

105.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

106.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately March 2016 to December 2016

107.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

108.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro

Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

109.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Martel Holland*

110.    Plaintiff Martel Holland is an adult individual who is a resident of Brookhaven, Mississippi.

111.    Plaintiff is a covered employee within the meaning of the FLSA.

112.    Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

113.    Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately March 2017 to September 2017

114.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

115.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

116.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro

Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Nathaniel Black*

117.　Plaintiff Nathaniel Black is an adult individual who is a resident of Brookhaven, Mississippi.

118.　Plaintiff is a covered employee within the meaning of the FLSA.

119.　Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

120.　Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately June 2015 to April 2016

121.　While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

122.　While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

123.　While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Perry Hammond Jr.*

124.    Plaintiff Perry Hammond Jr. is an adult individual who is a resident of Columbia, Mississippi.

125.    Plaintiff is a covered employee within the meaning of the FLSA.

126.    Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

127.    Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately April 2016 to March 2018

128.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

129.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

130.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Richard Streeter*

131.    Plaintiff Richard Streeter is an adult individual who is a resident of Sidon, Mississippi.

132.    Plaintiff is a covered employee within the meaning of the FLSA.

133.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

134.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately May 2017 to at least July 2019

135.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

136.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

137.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Robert Reed*

138.     Plaintiff Robert Reed is an adult individual who is a resident of Pascagoula, Mississippi.

139.     Plaintiff is a covered employee within the meaning of the FLSA.

140.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

141.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately March 2015 to June 2018.

142.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

143.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

144.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Steven White*

145.     Plaintiff Steven White is an adult individual who is a resident of Natchez, Mississippi.

146.     Plaintiff is a covered employee within the meaning of the FLSA.

147.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

148.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately January 2017 to June 2017

149.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

150.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro

Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

151.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Terrance Hampton*

152.    Plaintiff Terrance Hampton is an adult individual who is a resident of Mccomb, Mississippi.

153.    Plaintiff is a covered employee within the meaning of the FLSA.

154.    Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

155.    Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately January 2013 to December 2017.

156.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

157.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

158.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro

Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Troy Proby*

159.    Plaintiff Troy Proby is an adult individual who is a resident of Natchez, Mississippi.

160.    Plaintiff is a covered employee within the meaning of the FLSA.

161.    Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

162.    Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately April 2015 to July 2017.

163.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

164.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

165.    While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Vincent Buck*

166.     Plaintiff Vincent Buck is an adult individual who is a resident of Irmo, Mississippi.

167.     Plaintiff is a covered employee within the meaning of the FLSA.

168.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi.

169.     Plaintiff has been employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper in Mississippi from approximately August 2016 to May 2017.

170.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

171.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper, Plaintiff frequently worked overtime hours.  Defendants Waste Pro USA and Waste Pro Mississippi paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay, as described in Paragraph 75, *infra*.

172.     While Plaintiff was employed by Defendants Waste Pro USA and Waste Pro Mississippi as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

**Defendants**

173.     Defendant Waste Pro USA, Inc. is a corporation organized under the laws of the state of Florida. Defendant Waste Pro USA, Inc. is licensed and registered to do business in Florida, with headquarters in Longwood, Florida.  Defendant Waste Pro USA, Inc. provides

garbage and waste removal services throughout the southeastern United States, including Florida, Mississippi, Tennessee, Louisiana, Arkansas, South Carolina, North Carolina, Alabama and Georgia.

174.   Defendant Waste Pro of Mississippi is a corporation organized and existing under the laws of the state of Mississippi.  Defendant Waste Pro of Mississippi is licensed and registered to do business in Florida, with headquarters in Longwood, Florida.  Defendant Waste Pro of Mississippi provides garbage and waste removal services throughout the state of Mississippi.

175.   Defendants are integrated enterprises engaged in commerce within the meaning of the FLSA because, among other reasons, they have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

176.   Throughout the relevant period, Defendants have been covered employers as that term is used within the meaning of the FLSA and all other relevant laws.

177.   Throughout the relevant period, Defendants' annual gross volume of sales made, or business done was not less than $500,000.

178.   At all relevant times, Defendants have employed and/or jointly employed Plaintiff and the similarly situated employees.

179.   Waste Pro USA's website advertises that it operates from more than 75 locations across the Southeast.  *See* www.wasteprousa.com/the-waste-pro-way/ (last visited July 28, 2020).

180. Waste Pro USA's website does not differentiate between different Waste Pro entities but promotes Waste Pro USA's services as one common business purpose across the states in which it does business. *Id.*

181. Defendants do business under the brand, trade name or mark of "Waste Pro."

182. Upon information and belief, Waste Pro Mississippi is a subsidiary of Waste Pro USA.

183. Upon information and belief, Defendants share the same management and executive offices.

184. Upon information and belief, Defendants administers their human resources functions using the same personnel at their executive offices.

185. Each Defendant employed or acted in the interest of an employer towards Plaintiffs and, directly or indirectly, jointly and severally, including without limitation, controlled and directed the terms of employment and compensation of Plaintiffs.

186. Upon information and belief, Defendants operate in concern in a common enterprise and through related activities, so that the actions of one may be imputed to the other and/or so they operate as joint employers within the meaning of the FLSA.

187. Defendants each had the power to control the terms and conditions of employment of Plaintiffs, including, without limitation, those terms and conditions related to the claims alleged herein.

188. Defendants maintained control and oversight over Plaintiffs, including timekeeping, payroll, compensation, overtime pay, and the other employment practices.

189. Upon information and belief, Defendants' business is a centralized, top-down operation controlled by Defendants.

190.     All of the work that Plaintiffs performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs have performed.

## PLAINTIFF'S FACTUAL ALLEGATIONS

191.     Plaintiffs regularly worked more than 40 hours per workweek for Defendants as Helpers.

192.     Plaintiffs are paid bi-weekly.

193.     Plaintiffs are supposedly paid a "day rate," which was supposed to be a flat rate for a day's work, regardless of the number of hours worked.  However, if Plaintiffs worked less than four hours on any particular day, Defendants' policy and practice was to cut Plaintiffs' day rate in half and pay Plaintiffs a half day rate.

194.     For example, during the two week period of March, 27 2016 to April 9, 2016, instead of receiving his day rate of $100.00 for all days worked during the pay period, Plaintiff Elvin Ivory received $50.00 for one day of work in which he worked less than four hours during that day. Other Plaintiffs (including Herman Loury Jr., Kelvin Johnson, Kim McDonald, Mark McCoy Jr., Nathaniel Black, Perry Hammond Jr., and Troy Proby) who worked less than 4.0 hours on certain days also received one-half of their day rate for such days.

195.     Defendant Waste Pro USA, Inc.'s Director of Payroll and Systems Automation, Judi Craigo, sent e-mail correspondence setting forth Defendants' day rate policy which demonstrates that the half-day pay practice is tied to the number of hours worked in a day.  Ms. Craigo states that if a day rate employee (like all Plaintiffs) worked "less than 4.0 hours" then they day rate employees receive a half day rate.  In that same e-mail, Ms. Craigo stated that if a day rate employee (like all Plaintiffs) worked "4 hours or more," then they day rate employees receive a full day rate.

196.    Defendants maintained this half day rate pay practice until on or about July 12, 2017.

197.    When Plaintiffs worked overtime hours, Defendants calculated their regular rates of pay by dividing their total pay for the two-week pay period by the total number of hours worked and Defendants then paid overtime wages at a rate of one-half of their regular rates of pay.

198.    The "days" that Plaintiffs work are counted by the Defendants as shifts.

199.    The day rate that Defendants paid Plaintiffs appears to be intended to pay them for a normal workday of 8 hours.

200.    The "day rate" is cut in half when they work less than 4 hours.

201.    A day rate compensation plan requires a flat sum for a day's work without regard to the number of hours worked in the day. 29 C.F.R. §778.112. Plaintiffs were not paid a flat sum for a day's work without regard to the number of hours worked in the day in violation of the day rate provisions of the FLSA.

202.    Because Defendants violated 29 C.F.R. §778.112 by not paying Plaintiffs a full day rate when they work less than 4.0 hours in a day, Defendants violated the FLSA and must pay overtime wages at time and one-half rate for all overtime hours worked by Plaintiffs.

203.    In addition to paying the foregoing compensation to Plaintiffs, Defendants also pay non-discretionary bonuses to Plaintiffs.  These bonuses include, but are not limited to, safety/performance bonuses and help bonuses.

204.    Safety or performance bonuses are not discretionary in nature under 29 C.F.R. § 778.211 because they are promised to Plaintiffs for performing work without any safety infractions, and for working complete workweeks without missing any days.

205.     These safety/performance bonuses are "additional compensation" that violate the FLSA's day rate regulation and are not in compliance with the day rate provision of 29 C.F.R. § 778.112.

206.     For example, on August 8, 2016, Plaintiff Brian Thompson was paid a safety/performance bonus.  Other Plaintiffs (including Cleveland Crumedy, Herman Loury Jr., Kim McDonald, Lenoriale McDougle, Marcus Walker, Mark McCoy Jr. and Robert Reed) were also paid safety/performance bonuses.

207.     Help bonuses are not discretionary in nature under 29 C.F.R. § 778.211 because they are promised to Plaintiffs who assist on a route not initially assigned to them that is in need of help.

208.     Help bonuses are "additional compensation" that violate the FLSA's day rate regulation and are not in compliance with the day rate provision of 29 C.F.R. § 778.112.

209.     For example, on July 11, 2017, Plaintiff Antrown Williams was paid a help bonus.  Other Plaintiffs (including Arsenio Thrasher, Brian Thompson, Elvin Ivory, Herman Loury Jr., Kelvin Johnson, Kim McDonald, Martel Holland, Richard Streeter, Robert Reed, Steven White, Terrance Hampton, Troy Proby, and Vincent Buck) were also paid help bonuses.

210.     The unlawful policies described in this Complaint applied to Plaintiffs.

211.     The unlawful policies described above include Defendants not paying a true day rate as Defendants required a certain number of hours to be worked on a given day in order to pay the full day's wage; Defendants' additional non-discretionary compensation practices; and Defendants' payment of only half-time for overtime hours.  These practices violate the FLSA and all Plaintiffs who are or were subject to such unlawful practices are owed damages pursuant to the FLSA.

## JOINT EMPLOYER FACTUAL ALLEGATIONS

212.    Waste Pro USA is a corporation that provides commercial and residential waste collection services and operates over 75 locations in Alabama, Arkansas, Florida, Georgia, Louisiana, Mississippi, Tennessee, North Carolina, and South Carolina.

213.    Waste Pro USA issued a press release on October 24, 2017, in which it acknowledged that it "has revenues projected to exceed $640 million this year, is headquartered in Longwood and its [sic] nine-state footprint includes more than 2 million customers, more than 3,200 employees, and 2,400 collection trucks.  In Florida, Waste Pro has more than 28 operating locations."

214.    Waste Pro USA is the parent company of subsidiaries throughout the southeast, including Waste Pro Mississippi.

215.    Waste Pro USA is the only shareholder of each subsidiary.

216.    Subsidiaries of Waste Pro USA list Waste Pro USA's corporate headquarters in Longwood, Florida as their principal place of business.

217.    Subsidiaries, such as Waste Pro Mississippi do not have a Board of Directors.

218.    Subsidiaries such as Waste Pro Mississippi are also in the business of handling waste and recycling for residential and commercial clients.

219.    John Jennings ("Jennings") is the chairman of the board of Waste Pro USA.

220.    As of the most recently filed annual reports, John Jennings also serves as the CEO and President of Waste Pro subsidiaries, including Waste Pro North Carolina and Waste Pro South Carolina.

221.    Waste Pro USA employees are "led by Regional vice presidents and a streamlined corporate staff in Longwood, Florida."

28

222.    The "streamlined corporate staff in Longwood is comprised of a Fleet Manager, Chief Financial Officer, Chief Development Officer, Vice President of Market Development, Chief Marketing Officer, Human Resources Director, and Fred Wood (Senior Vice President).

223.    All of these employees report to John Jennings, who directs Waste Pro USA and its subsidiaries, which is the "largest, full-service, **vertically integrated** waste management companies."

224.    The CEO of Waste Pro USA hires Regional Vice Presidents ("RVPs") to oversee certain regions of their operations.

225.    The decision to fire an RVP comes from the Waste Pro USA Board of Directors.

226.    There are seven RVPs in total.

227.    RVPs oversee regions of Waste Pro USA's operations that span across several different subsidiaries.

228.    John Jennings recruited Ralph Mills in mid-2006 and hired Mills as Waste Pro Florida's first RVP.

229.    Mr. Mills serves (or served) as the RVP of the Coastal Region.

230.    The RVPs report to the CEO of Waste Pro USA, John Jennings, who held the CEO title at WP USA from the company's inception in approximately 2001 until approximately 2016 when Tim Herman assumed that role.

231.    RVPs represent themselves as employees of Waste Pro USA.

232.    Waste Pro USA's CEO corresponds with the RVPs to determine the profitability of each region.

233.    The RVPs communicate with John Jennings regularly to discuss business matters, such as potential property acquisitions in their regions.

234.    Roughly three times a year, Jennings has a meeting with the RVPs to discuss the status of the regions. Other corporate directors, such as Shannon Early (Waste Pro USA's Vice President of Human Resources), also attend these meetings.

235.    Jennings also provides financial support to the regions, such as purchasing all of the waste disposal trucks for the regions, including Waste Pro North Carolina and Waste Pro South Carolina.

236.    Jennings works with investment bankers and investors and acquires money for business needs.  In the past, Jennings posted the assets of Waste Pro USA's subsidiaries as collateral to obtain financing for the business.

237.    Equipment, such as garbage trucks, containers, carts and bins, are Waste Pro USA's largest capital expenditures and can cost $10 - $20 million so that the company can be equipped to provide trash removal services.

238.    Employees of Defendant Waste Pro USA are also involved in litigation and Department of Labor investigations involving subsidiaries.

239.    Waste Pro USA maintains a corporate logo, affixed to its garbage trucks of subsidiaries.

240.    Once a week, RVPs conduct a conference call to discuss the needs and successes of their regions across Waste Pro USA subsidiaries.

241.    Waste Pro USA maintains a company-wide website.

242.    Under the website's "Leadership" tab, all upper management post their pictures and titles.

243.    John Jennings is identified as the "Chairman & CEO."

244.    The RVPs are all listed under Waste Pro USA's Leadership Section.

245.    In an email sent from Judi Craigo, Waste Pro USA's Director of Payroll and Human Relations Systems, to Sharon Tolopka, Waste Pro USA's Chief Accounting Officer, Ms. Craigo attached an auditing document that states, in part: "[WP USA] currently employs approximately 2800 people, with approximately 500 salary and 2300 hourly."

246.    In Trash Talk, Vol. 2, Iss. 1, a publication issued by Waste Pro USA, Jennings applauds the employees at all subsidiaries for adhering to Waste Pro USA's core values and states that WP USA has instituted a "Leadership Program that will ultimately involve each of you. You should have received a flyer outlining in detail our Core Values . . . **it is my privilege to lead each and every one of you into the next exciting Waste Pro decade**."

247.    Waste Pro USA has admitted in a prior litigation that it was an employer and employed a Driver which was also paid by the day rate method.

248.    Employees' pay changes must come through the Corporate Human Resources department at Waste Pro USA.

249.    Waste Pro USA has indicated that no supervisor or member of management, except John Jennings (Waste Pro USA President & CEO), has the authority to bind the company to any employment contract for any specified period of time with any employee, either verbally or in writing.

250.    Waste Pro USA handles payment of wages to Helpers.

251.    Jennings and Early, Waste Pro USA employees, are involved with bonus decisions for employees at subsidiaries.

252.    Waste Pro USA handles the explaining and coordinating of benefits and Waste Pro USA directs Plaintiffs to contact Waste Pro USA Human Resources regarding bonuses.

253.    Waste Pro USA defines the workweek and pay periods which are the same for all

Plaintiffs.

254.    Waste Pro USA prepared a presentation which purports to explain how the day rate practice works.  Waste Pro USA explained the day rate compensation practice using this same presentation at all subsidiaries, including Waste Pro North Carolina and Waste Pro South Carolina.

255.    Early, in her capacity of Director of Human Resources at Waste Pro USA, created an Employee Handbook with the intention that it be applicable to each of Waste Pro USA's subsidiaries.

256.    Early and Employment Manager, Erika Boyles, of Waste Pro USA created a common job description for all subsidiaries.

257.    WP USA tells its employees, including Plaintiffs, when they are hired:

**Welcome to Waste Pro USA!**

Dear Employee:

You and Waste Pro USA have made an important decision: The Company has decided you can contribute to our success, and you've decided that **Waste Pro USA** is the organization where you can pursue your career productively and enjoyably.

258.    Waste Pro USA's employee handbook covers all aspects of employment, including, among many others, work rules, compensation and benefits policies, and timekeeping and attendance policies.

259.    Waste Pro USA directs Plaintiffs in the employee handbook to follow the policies and procedures outlined in this Handbook.

260.    Waste Pro USA warns Plaintiffs that any violation of these policies and procedures or any other Waste Pro policy, practice or procedure will subject me to disciplinary action, up to and including termination of employment, with or without progressive discipline.

261.    Waste Pro USA issues "Absolute Rules" which all employees must follow while

32

performing their work.

262.     These corporate policies and procedures are available on the Waste Pro USA intranet and apply to all of its subsidiaries.

263.     Waste Pro USA issues many other common policies and procedures that direct how Plaintiffs need to perform their work.  For example, the DOT Procedures and Vehicle Operations policy is 217 pages long.

<u>**FIRST CAUSE OF ACTION**</u>
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.**
**On behalf of Plaintiffs against Waste Pro USA and Waste Pro Mississippi, jointly and severally**

264.     Plaintiffs reassert and re-allege the allegations made in all preceding paragraphs herein.

265.     Plaintiffs are employees of Defendants within the meaning of the FLSA.

266.     Defendants jointly employed Plaintiffs within the meaning of the FLSA.

267.     Plaintiffs worked more than 40 hours during their employment with Defendants as Helpers and were not paid overtime wages at time and one-half of their regular rates of pay in violation of the FLSA.

268.     Defendants, in failing to pay Plaintiffs time and a half overtime premium pay when they work more than forty hours per week, have violated the FLSA.

269.     While dividing total pay by total hours worked, whatever their number, may be permissible for true "day rate" employees, Defendants do not pay a true "day rate."  Defendants do not pay a "flat sum for a day's work or for doing a particular job, ***without regard to the number of hours worked in the day or at the job***…"  29 C.F.R. § 778.112.  (emphasis added). Instead, Defendants pay one-half of their alleged "day rate" when Plaintiffs work less than 4.0 hours in a day.  Accordingly, Defendants should have divided Plaintiffs' total pay by forty (40)

hours to determine the regular rates of pay and paid for all overtime hours worked at time and a half of the regular rate of pay.

270.     29 C.F.R. § 778.112 provides as follows:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, ***and if he receives no other form of compensation for services,*** his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

*Id.* (emphasis added).

271.     Defendants have also violated by the FLSA by paying an ostensible "day rate" and a half-time premium while also paying non-discretionary bonuses, including but not limited to safety/performance and help bonuses, which are another form of compensation.

272.     Defendants' failure to pay a time and a half overtime premium has been willful in that they knew that they were not paying a true and proper "day rate" as defined by 29 C.F.R. § 778.112 and yet used the half-time rate of overtime calculation nonetheless.

273.      As a result of Defendants' violations of the FLSA, Plaintiffs have suffered damages and are entitled to recovery of such damages, liquidated damages, attorneys' fees, costs.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs pray for the following relief:

A.  Unpaid overtime under the FLSA;

B.  Liquidated damages permitted under the FLSA;

C.  Attorneys' fees and costs of suit, including expert fees; and

D.  Such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: July 28, 2020                                      Respectfully submitted,
Boca Raton, Florida

                                                          */s/ Gregg I. Shavitz*
                                                          Gregg I. Shavitz
                                                          Logan A. Pardell
                                                          SHAVITZ LAW GROUP, P.A.
                                                          951 Yamato Road, Suite 285
                                                          Boca Raton, Florida 33431
                                                          Tel: (561) 447-8888
                                                          Fax: (561) 447-8831
                                                          gshavitz@shavitzlaw.com
                                                          aquiles@shavitzlaw.com
                                                          lpardell@shavitzlaw.com

                                                          Michael J. Palitz*
                                                          SHAVITZ LAW GROUP, P.A.
                                                          800 Third Avenue, Suite 2800
                                                          New York, New York 10022
                                                          Tel:  (800) 616-4000
                                                          mpalitz@shavitzlaw.com

                                                          Nicholas A. Migliaccio*
                                                          Jason S. Rathod*
                                                          MIGLIACCIO & RATHOD LLP
                                                          412 H St., NE
                                                          Suite 302
                                                          Washington, DC 20002
                                                          Tel:  (202) 470-3520
                                                          Fax:  (202) 800-2730
                                                          nmigliaccio@classlawdc.com
                                                          jrathod@classlawdc.com

                                                          D. Aaron Rihn*
                                                          ROBERT PEIRCE & ASSOCIATES, P.C.
                                                          2500 Gulf Tower
                                                          707 Grant Street
                                                          Pittsburgh, PA 15219-1918
                                                          Tel:  412-281-7229

arihn@peircelaw.com

*Attorneys for Plaintiffs*

*\* application for admission pro hac vice forthcoming*